UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO. 07 CV 8122

WORLD MAGIC ENTERTAINMENT, INC.,

    Plaintiff,

v.

GREAT LAKES REINSURANCE (UK) PLC,

    Defendant.

COMPLAINT

Plaintiff WORLD MAGIC ENTERTAINMENT, INC. ("WORLD MAGIC") sues Defendant GREAT LAKES REINSURANCE (UK) PLC ("GREAT LAKES") and alleges:

    1.    This is an action for declaratory relief pursuant to Title 28 of the United States Code, Section 2201, et seq., in that a present controversy exists between the parties in which the Plaintiff requests this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

    2.    This action is a civil action for declaratory relief and this Court has jurisdiction by reason of the diversity of citizenship of the parties pursuant to 28 U.S.C. 1332 as the Plaintiff and Defendant reside in different countries. Plaintiff resides in the State of Florida, U.S.A. and the Defendant in the United Kingdom. In the alternative, this is a cause of action under general maritime law for declaratory relief with respect to a marine insurance policy, and for damages, and is within the jurisdiction of this court under the general maritime law, 28 U.S.C. 1333.

CASE NO.

3. At all times WORLD MAGIC was and now is a corporation organized and existing under the laws of the State of Florida, with its principal business address at 2201 N.W. 102 Place, Unit 2, Miami, Florida 33172, and its principal place of business is in the State of Florida.

4. At all times GREAT LAKES was and now is a foreign insurance entity organized and existing under the laws of the United Kingdom with its office and principal place of business located in the United Kingdom, City of London and issued and/or delivered insurance policies to residents of Florida and otherwise was transacting and/or doing business in the states of Florida and New York.

5. The matter in controversy exceeds $75,000.00.

6. Pursuant to the terms of the insurance policy in question, GREAT LAKES agreed to be sued in federal or state courts in the City of New York.

7. Venue is proper in this Southern District of New York by virtue of the venue clause in the insurance policy in question.

## COUNT I

8. WORLD MAGIC repleads and reavers paragraphs 1 through 7 of this Complaint as if pled herein.

9. On or about April 1, 2006, GREAT LAKES issued to WORLD MAGIC its Marine Insurance Policy number 200.683*6 ("Policy") providing all risks cargo insurance to goods/cargo in which WORLD MAGIC had an insurable interest and/or was requested to insure from warehouse to warehouse and/or during the ordinary course of transit, with limits of U.S. $2,000,000.00. (A copy of the Declaration Page as well as what is believed to be the Marine Open Cargo Policy in question are attached as composite Exhibit "A").

CASE NO.

10. On or about September 11, 2006, 1,672 cartons and 6,664 pieces of electronic type goods ("the goods") were loaded into container no. KNLU 501133-3. (See Container Stuffing Certification attached as Exhibit "B").

11. On or about September 12, 2006, GREAT LAKES' insurance agent IJU Agency of Florida, Inc. issued a Certificate of Marine Insurance no. 200683*6/0000056 to WORLD MAGIC which insured the goods listed therein for an agreed value of $888,000.00 from WORLD MAGIC's warehouse in Miami, Florida to a warehouse in Ciudad del Este, Paraguay and/or during the ordinary course of transit. (A copy of the Certificate of Insurance is attached as Exhibit "C"). At all material times, WORLD MAGIC had an insurable interest in the cargo and/or was requested to insure the goods.

12. On or about September 12, 2006, the goods and container no. KNLU 501133-3 were transported from WORLD MAGIC's premises to the Port of Miami, for delivery to an ocean carrier (Maersk Line) and were delivered on the same day. (See Container Escort Certificate attached as Exhibit "D").

13. On or about September 13, 2006 the goods and container no. KNLU 501133-3 were loaded aboard the vessel M/V MAERSK NANHAI (voyage 0617) and were transported to the Port of Santos, Brazil. (See Maersk bill of lading attached as Exhibit "E"). Subsequently, the goods and container were discharged from the M/V MAERSK NANHAI at the Port of Santos, Brazil for transport to Ciudad del Este, Paraguay.

14. On or about October 6, 2006, while the policy was in full force and effect WORLD MAGIC suffered a loss when container no. KNLU 501133-3, containing the goods in question with an agreed insured value of $888,000.00, was stolen while en route from Santos to Ciudad del Este.

CASE NO.

15. In accordance with its obligations under Policy no. 200.683*6 WORLD MAGIC duly reported the loss to GREAT LAKES and made a claim under the policy. The claim has never been paid. The claim has not been denied and no reservation of rights has been issued and any attempt to do so by GREAT LAKES would be time barred.

16. The loss and damage to the goods was caused by a covered loss, to wit: theft and/or loss of goods from warehouse to warehouse and/or during the ordinary cargo transit between Miami and Cuidad del Este.

17. WORLD MAGIC duly demanded payment for the loss pursuant to the Policy but GREAT LAKES has failed and refused to pay the claim and in fact has never responded to WORLD MAGIC's claim.

18. WORLD MAGIC has been damaged in the amount of $888,000.00, the agreed value as stated in the Certificate of Insurance.

19. WORLD MAGIC has complied with all necessary conditions of the Policy and twelve (12) months have not elapsed since the loss occurred. GREAT LAKES has acknowledged the receipt of all required documentation of the claim or has waived the same.

20. WORLD MAGIC, believing that coverage exists for the loss as claimed is nevertheless unsure of its rights under the Policy of Insurance.

21. WORLD MAGIC has been compelled to retain the undersigned attorneys and is obligated to pay a reasonable fee for their services and is entitled to recover its attorney fees pursuant to New York law.

WHEREFORE, Plaintiff WORLD MAGIC, ENTERTAINMENT, INC. respectfully requests that this Court:

CASE NO.

a.  Declare the rights of the parties under the subject Policy of Insurance and in particular declare that the loss suffered in this instance is a covered loss under the Policy.

b.  Award Plaintiff its damages under the Policy, as agreed by the terms thereof in the amount of $888,000.00, together with pre judgment and post-judgment interest and all allowable costs of this action;

c.  Award Plaintiff its reasonable attorney fees; and

d.  Grant such other and further relief as the Court deems just, proper and equitable.

## COUNT II
## BREACH OF CONTRACT

22. WORLD MAGIC realleges paragraphs 1 through 7 of this Complaint as if fully set forth herein.

23. On or about April 1, 2006, GREAT LAKES issued to WORLD MAGIC its Marine Insurance Policy number 200.683*6 providing all risks cargo insurance to the goods/cargo in which WORLD MAGIC had an insurance interest and/or goods requested to insure from warehouse to warehouse and/or during the ordinary course of transit with limits of U.S. $2,000,000.00. (A copy of the Declaration Page as well as what is believed to be the Marine Open Cargo Policy of the subject policy are attached as composite Exhibit "A").

24. Under the Policy issued by GREAT LAKES, coverage was afforded to goods and/or merchandise under which WORLD MAGIC had an insurable interest and/or was requested to insure the goods.

25. Loss as a result of theft is covered under the Policy.

CASE NO.

26. On or about September 11, 2006, 1,672 cartons and 6,664 pieces of electronic type goods ("the goods") were loaded into container no. KNLU 501133-3. (See Container Stuffing Certification attached as Exhibit "B").

27. On or about September 12, 2006, GREAT LAKES' insurance agent IJU Agency of Florida, Inc. issued a Certificate of Marine Insurance no. 200683*6/0000056 to WORLD MAGIC which insured the goods listed therein for an agreed value of $888,000.00 from WORLD MAGIC's warehouse in Miami, Florida to a warehouse in Ciudad del Este, Paraguay and during ordinary course of transit. (A copy of the Certificate of Insurance is attached as Exhibit "C"). At all material times, WORLD MAGIC had an insurable interest in the goods an/or was requested to insure the goods.

28. On or about September 12, 2006, the goods and container no. KNLU 501133-3 were transported from WORLD MAGIC's premises to the Port of Miami, for delivery to an ocean carrier (Maersk Line) and were delivered on the same day. (See Container Escort Certificate attached as Exhibit "D").

29. On or about September 13, 2006 the goods and container no. KNLU 501133-3 were loaded aboard the vessel M/V MAERSK NANHAI (voyage 0617) for transportation and were transported to the Port of Santos, Brazil. (See Maersk bill of lading attached as Exhibit "E"). Subsequently, the goods and container were discharged from the M/V MAERSK NANHAI at the Port of Santos, Brazil for transport to Ciudad del Este, Paraguay.

30. On or about October 6, 2006, while the Policy was in full force and effect WORLD MAGIC suffered a loss when container no. KNLU 501133-3, containing the goods in question with an agreed insured value of $888,000.00, was stolen while en route from Santos to Ciudad del Este.

CASE NO.

31. In accordance with its obligations under Policy no. 200.683*6 WORLD MAGIC duly reported the loss to GREAT LAKES and made a claim under the Policy. The claim has never been paid. The claim has not been denied and no reservation of rights has been issued and any attempt to do so by GREAT LAKES would be time barred.

32. The loss and damage to the goods was caused by a covered loss, to wit: theft and/or loss of goods from warehouse to warehouse and/or during the ordinary cargo transit between Miami and Cuidad del Este.

33. WORLD MAGIC duly demanded payment for the loss pursuant to the Policy but GREAT LAKES has failed and refused to pay the claim and in fact has never responded to WORLD MAGIC's claim.

34. WORLD MAGIC has complied with all necessary conditions of the Policy and twelve (12) months have not elapsed since the loss occurred. GREAT LAKES has acknowledged the receipt of all required documentation of the claim or has waived the same.

35. GREAT LAKES has breached the Marine Open Cargo Policy by failing and refusing to pay the claim of WORLD MAGIC.

36. As a direct result of GREAT LAKES' breach WORLD MAGIC has been damaged in the amount of $888,000.00, the agreed value as stated in the Certificate of Insurance.

37. WORLD MAGIC has been compelled to retain the undersigned attorneys and is obligated to pay a reasonable fee for their services and is entitled to recover its attorney fees pursuant to New York law.

WHEREFORE, Plaintiff WORLD MAGIC, ENTERTAINMENT, INC. prays that this Court:

CASE NO.

a. Award Plaintiff its damages under the Policy, as agreed by the terms thereof in the amount of $888,000.00, together with pre judgment and post-judgment interest and all allowable costs of this action;

b. Award Plaintiff his reasonable attorney fees; and

c. Grant such other and further relief as the Court deems just, proper and equitable.

PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Dated this ___ day of September, 2007

Respectfully submitted,

Randall K. Roonan
NY Bar No. RR4407
RKR@grahammiller.com
GRAHAM, MILLER, NEANDROSS,
MULLIN & ROONAN, LLC
2350 Broadway
New York, NY 10024
Telephone: (212) 671-1179
[attorneys for Plaintiff WORLD MAGIC ENTERTAINMENT, INC.]

Jan M. Kuylenstierna
NY Bar No. JMK0441
Email: jkuylenstierna@fowler-white.com

FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
[attorneys for Plaintiff WORLD MAGIC ENTERTAINMENT, INC.]